ARCHACKI ET AL., APPELLANTS, *v.*
[GREATER CLEVELAND] REGIONAL TRANSIT AUTHORITY, APPELLEE, ET AL.

[Cite as Archacki *v.* Regional Transit Auth. (1983), 8 Ohio St. 3d 13.]

(No. 83-44—Decided November 23, 1983.)

*Mr. Jerry E. Dempsey* and *Mr. Carl G. McMahon,* for appellants.
*Mr. Charles E. Mosley, Jr.,* and *Mr. Oscar Trivers,* for appellee.

*Per Curiam.* The question presented is whether the summary judgment entered by the trial court in favor of appellants against RTA was appropriate. Appellants contend as a proposition of law that "[w]here there is no genuine issue of material fact or law regarding whether a Defendant employee was acting within the course and scope of his employment on behalf of his Co-Defendant employer at the time the Defendant employee was involved in a vehicular accident, the Plaintiff is entitled to Summary Judgment against the Co-Defendant employer for the full amount of the Default Judgment previously rendered against the Defendant employee for the employee's negligence occurring in a vehicular accident." Moreover, appellants state that RTA never appealed the default judgment entered against Brooks and, therefore, the effect and legitimacy thereof were not before the court of appeals.[1]

Appellants' arguments tend to overlook the primary rationale of the court of appeals' decision. The court below prefaced its discussion with the statement that, "[i]t is axiomatic that under our system of justice a litigant is entitled to his day in court and this with the opportunity to be heard and to control the conduct of the prosecution or defense appropriate to his legal position." After observing that there is no controlling Ohio authority on the question presented, the court cited with approval a Florida case, *Dade County* v. *Lambert* (Fla. App. 1976), 334 So. 2d 844, which considered a similar question regarding the effect of an employee's default on an employer's liability. The opinion below quoted from *Lambert,* at page 847, as follows:

" '* * * The failure of Laster to plead, resulting in a default against him cannot deprive the County of its right to have a jury determination of its defense, notwithstanding that said defense would be common to Laster. The

---

[1] The issue of whether the trial court should have granted the default judgment against Brooks while the case was still pending against RTA is not before this court.

default of one defendant, although an admission by him of the allegations of the complaint, does not operate as an admission of such allegation as against a contesting co-defendant. * * *' " (Citations omitted.)

The court of appeals found additional support for its decision in *Peek* v. *Southern Guaranty Ins. Co.* (1978), 240 Ga. 498, 241 S.E. 2d 210, which held that a default judgment is not binding on co-defendants who are not in default.

We are satisfied that the court of appeals committed no error in reversing the summary judgment entered by the trial court because RTA did not have a meaningful opportunity to present a defense. Accordingly, we hereby adopt the rule announced by the court of appeals below that, "[a]n answering party must be afforded the opportunity to controvert evidence admitted at a default hearing in subsequent proceedings against that party."

For the reasons hereinbefore stated the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.