[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Conley v. Park,* Slip Opinion No. 2015-Ohio-5226.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-5226

THE STATE EX REL. CONLEY, APPELLEE, *v.* PARK, JUDGE, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Conley v. Park,* Slip Opinion No. 2015-Ohio-5226.]

*Mandamus—Public officials—Grant of peremptory writ ordering judge to respond to public-records request reversed—Cause remanded to allow judge to respond to request.*

(No. 2014-1923—Submitted August 11, 2015—Decided December 17, 2015.)

APPEAL from the Court of Appeals for Stark County, No. 2014-CA-00169.

_____

**Per Curiam.**

{¶ 1} We reverse the judgment of the Fifth District Court of Appeals, which granted a peremptory writ ordering respondent-appellant, Judge Dixie Park, to respond to a request by relator-appellee, Craig T. Conley, for public records. Because the judgment was entered without providing Judge Park with notice or the

opportunity to respond to the complaint, we remand this matter to allow Judge Park to file an answer or otherwise respond to the complaint.

*Facts and Procedural History*

{¶ 2} On September 4, 2014, Conley faxed a letter to Judge Park indicating that he had printed two documents from the court's electronic docket earlier that day and that both documents were incomplete. Styling the letter as a public-records request under Sup.R. 45(B)(1) and (3), Conley requested full and legible copies of the documents. Judge Park responded on the same day by returning the request to Conley and stating that the court did not accept faxed filings without the court's prior approval.

{¶ 3} On September 9, 2014, Conley responded to Judge Park's letter, pointing out that his request was not a filing but a public-records request. Conley asserted that Judge Park had failed without justification to comply with Sup.R. 45(B)(1).

{¶ 4} Proceeding pro se, Conley filed this action in mandamus in the court of appeals on September 10, 2014. Conley requested a peremptory or alternative writ of mandamus ordering Judge Park to provide the copies of the requested records.

{¶ 5} On September 23, before Judge Park had responded in any way to the complaint and before 28 days had elapsed, *see* Civ.R. 12(A)(1) (allowing 28 days after service to answer a complaint), the court of appeals issued a peremptory writ and closed the case. No alternative writ was granted, and no opportunity was given Judge Park to respond to the allegations in the complaint.

{¶ 6} On October 14, 2014, Judge Park filed a motion for relief from judgment under Civ.R. 60(B), and Conley filed his response on October 24. Judge Park filed an appeal to this court on November 6. The court of appeals then issued an entry indicating that because of the appeal, it was without jurisdiction to rule on the motion for relief from judgment unless the case was remanded. Conley moved

this court to remand the case so that the court of appeals could act on the motion for relief from judgment.

*Analysis*

**Public records**

{¶ 7} The Rules of Superintendence specifically give an aggrieved party a right to a writ of mandamus for a violation of Sup.R. 44 through 47: "A person aggrieved by the failure of a court or clerk of court to comply with the requirements of Sup. R. 44 through 47 may pursue an action in mandamus pursuant to Chapter 2731. of the Revised Code." Sup.R. 47(B).

{¶ 8} Here, Conley seeks to enforce Sup.R. 45(B) (providing for direct access to court records upon any person's request), which falls within the ambit of the mandamus action allowed by Sup.R. 47(B). Therefore, Conley properly filed an action for a writ of mandamus to obtain the requested records.

**Peremptory writ**

{¶ 9} The question here is whether the court of appeals was justified in issuing a peremptory writ without first allowing Judge Park to respond to the complaint. We have previously held that in original actions,

> a peremptory writ of mandamus should issue in the first instance only when material facts are admitted disclosing that relator is entitled to relief as a matter both of law and fact. * * * An alleged right to performance is unclear when the facts underpinning the claimed right are not admitted and it has not been established that no valid excuse can be given for nonperformance of the alleged duty.

(Ellipsis sic.) *State ex rel. Beacon Journal Publishing Co. v. Radel*, 57 Ohio St.3d 102, 103, 566 N.E.2d 661 (1991), quoting *State ex rel. Temke v. Outcalt*, 49 Ohio

St.2d 189, 191, 360 N.E.2d 701 (1977). "Thus, a court generally may not grant the writ 'before an answer admitting or denying the material facts ha[s] been filed.' " (Brackets sic.) *Id.*, quoting *State ex rel. Mazzaro v. Ferguson*, 49 Ohio St.3d 37, 40, 550 N.E.2d 464 (1990).

**{¶ 10}** The court of appeals acted prematurely by issuing a writ ordering Judge Park to produce the requested documents before she had a chance to explain the reasoning behind her refusal to treat the faxed letter as a public-records request.

*Conclusion*

**{¶ 11}** We reverse because the court of appeals issued a peremptory writ before allowing Judge Park to answer or otherwise respond to the complaint.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

PFEIFER, J., dissents.

_____

Craig T. Conley, pro se.

John D. Ferrero, Stark County Prosecuting Attorney, and Ross Rhodes, Assistant Prosecuting Attorney, for appellant.

_____