[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. State Farm Mut. Ins. Co. v. O'Donnell*, Slip Opinion No. 2021-Ohio-1205.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-1205

THE STATE EX REL. STATE FARM MUTUAL INSURANCE COMPANY *v.* O'DONNELL, JUDGE, ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. State Farm Mut. Ins. Co. v. O'Donnell*, Slip Opinion No. 2021-Ohio-1205.]

*Mandamus—Prohibition—Civ.R. 13(J)—Civil rule requires transfer of a case to the court of common pleas when a party's counterclaim, cross-claim, or third-party claim excess a municipal court's jurisdictional limit— Municipal court did not have authority to transfer a case on ground that plaintiff's claim exceeded the court's jurisdictional limits—Common pleas court had no basis on which to assume jurisdiction over transfer of case from municipal court—Writs of mandamus and prohibition granted against common pleas court judge.*

(No. 2020-0972—Submitted January 12, 2021—Decided April 13, 2021.)

IN PROHIBITION and MANDAMUS.

————————————

**Per Curiam.**

{¶ 1} Relator, State Farm Mutual Insurance Company, seeks a writ of prohibition to prevent respondent Cuyahoga County Common Pleas Court Judge John P. O'Donnell from exercising jurisdiction over a civil action that was transferred from the Lyndhurst Municipal Court. State Farm also seeks writs of mandamus (1) ordering Judge O'Donnell to transfer the case back to the Lyndhurst Municipal Court and (2) ordering respondent Lyndhurst Municipal Court Judge Dominic J. Coletta to dismiss the case upon its return from the common pleas court. We grant writs of prohibition and mandamus as to Judge O'Donnell but deny the writ of mandamus as to Judge Coletta.

## I. Factual and Procedural Background

{¶ 2} In December 2018, Shelena Burke filed a complaint against State Farm and another defendant in the small-claims division of the Lyndhurst Municipal Court. *Burke v. Mayfield Brainard Auto Servs., L.L.C..*, Lyndhurst M.C. case No. 18CVI02765. Burke sought $6,000 in restitution from each of the two named defendants, plus interest and costs. On State Farm's motion, Judge Coletta transferred the case from the small-claims division to the municipal court's regular docket under R.C. 1925.10.

{¶ 3} In May 2019, Burke filed a motion to transfer the case to the Cuyahoga County Court of Common Pleas. In her motion, Burke contended that her claim exceeded $15,000 and therefore was beyond the court's jurisdictional limit. *See* R.C. 1901.17. State Farm opposed Burke's motion and asked the municipal court to dismiss the case for lack of subject-matter jurisdiction rather than transfer it.

{¶ 4} Judge Coletta granted Burke's motion and ordered the case transferred to the Cuyahoga County Court of Common Pleas, where it was assigned to Judge O'Donnell. *Burke v. Mayfield Brainard Auto Servs., L.L.C.*, Cuyahoga C.P. case No. CV-19-923671. State Farm filed a motion asking the common pleas

2

court to refuse the transfer and return the case to the municipal court. Judge O'Donnell denied State Farm's motion.

{¶ 5} State Farm commenced this action on August 7, 2020, seeking a writ of prohibition ordering Judge O'Donnell to discontinue proceedings in the *Burke* lawsuit and a writ of mandamus ordering him to return the case to the municipal court. State Farm also asked for a writ of mandamus ordering Judge Coletta to dismiss the case for want of subject-matter jurisdiction upon its return from the common pleas court.

{¶ 6} Judge Coletta did not respond to State Farm's complaint, but Judge O'Donnell filed a motion to dismiss it under Civ.R. 12(B)(6) and S.Ct.Prac.R. 12.04(A). State Farm has filed a motion for default judgment as against Judge Coletta.

## II. Legal Analysis

{¶ 7} We must determine whether dismissal, an alternative writ, or a peremptory writ is appropriate. S.Ct.Prac.R. 12.04(C). Dismissal is required if it appears beyond doubt, after presuming the truth of all material factual allegations in the complaint and making all reasonable inferences in State Farm's favor, that State Farm is not entitled to extraordinary relief in prohibition and mandamus. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 13. But if the pertinent facts are uncontroverted and it appears beyond doubt that State Farm is entitled to its requested relief, we will grant peremptory writs. *Id.* at ¶ 14.

### A. Claims Against Judge O'Donnell

{¶ 8} To be entitled to a writ of prohibition, State Farm must establish that (1) Judge O'Donnell is about to or has exercised judicial power, (2) his exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Shumaker v. Nichols*, 137 Ohio St.3d 391, 2013-Ohio-4732, 999 N.E.2d 630,

¶ 9. If the first two requirements are present, State Farm need not satisfy the third requirement if Judge O'Donnell "patently and unambiguously" lacks jurisdiction. *Sapp* at ¶ 15. In addition, when jurisdiction is patently and unambiguously lacking, " 'prohibition *and mandamus* will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions.' " (Emphasis added.) *Id.*, quoting *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 12.

{¶ 9} There is no dispute that Judge O'Donnell has exercised judicial power and will continue to do so as the judge presiding over the *Burke* case. In most cases, we will not grant a writ of prohibition when a respondent judge has general subject-matter jurisdiction. *State ex rel. Sponaugle v. Hein*, 153 Ohio St.3d 560, 2018-Ohio-3155, 108 N.E.3d 1089, ¶ 24. And because a court of common pleas has general subject-matter jurisdiction over all civil cases, R.C. 2305.01, Judge O'Donnell contends that subject-matter jurisdiction cannot be patently and unambiguously lacking in this case. While Judge O'Donnell's contention is generally true, the issue whether he has jurisdiction over the *Burke* case must be evaluated through the lens of our decision in *Natl. Emp. Benefit Servs., Inc. v. Cuyahoga Cty. Court of Common Pleas*, 49 Ohio St.3d 49, 550 N.E.2d 941 (1990).

{¶ 10} In *Natl. Emp. Benefit Servs.*, the plaintiff's original complaint in a municipal-court action sought $10,000 in damages, then the jurisdictional limit of the municipal court under R.C. 1901.17. *Id.* at 49. The plaintiff later filed a supplemental complaint alleging total damages exceeding the municipal court's subject-matter jurisdiction. *Id.* Rather than dismiss the case, the municipal court transferred it to the court of common pleas, purportedly under Civ.R. 13(J).[1] *Id.* The defendant sought writs of prohibition, mandamus, and procedendo in the court

---

1. Civ.R. 13(J) provides: "In the event that a counterclaim, cross-claim, or third-party claim exceeds the jurisdiction of the court, the court shall certify the proceedings in the case to the court of common pleas."

of appeals to prevent the common pleas court from proceeding, to compel the case's return to the municipal court, and to compel the municipal court to dismiss the case. *Id.*

{¶ 11} In a unanimous decision, we reversed the court of appeals' dismissal of the defendant's writ action and granted the writs. *Id.* at 50-51. Civ.R. 13(J) requires the transfer of a case to the court of common pleas when a party's counterclaim, cross-claim, or third-party claim causes the case to exceed a court's jurisdictional limit. *Id.* Because the case did not exceed the jurisdictional limits as a result of a counterclaim, cross-claim, or third-party claim, we found that the municipal court lacked authority under Civ.R. 13(J) to transfer the case. And because the municipal court lacked authority to transfer the case, "the common pleas court had no basis upon which to assume jurisdiction." *Id.* at 50.

{¶ 12} Our decision in *Natl. Emp. Benefit Servs.* informs our determination of this case. Because Judge Coletta has not responded to State Farm's complaint, the averred facts relating to the proceedings before him in the municipal court are accepted as true. *See State ex rel. Spirko v. Judges of the Court of Appeals, Third Appellate Dist.*, 27 Ohio St.3d 13, 15, 501 N.E.2d 625 (1986). In particular, it is established that (1) Burke filed a motion to transfer the case to the common pleas court on the basis that her claim exceeded the municipal court's $15,000 jurisdictional limit and (2) Judge Coletta granted Burke's motion. These uncontroverted facts establish that the municipal court lacked a valid basis for transferring the *Burke* matter and that the common pleas court had no basis on which to assume jurisdiction. *Natl. Emp. Benefit Servs.*, 49 Ohio St.3d at 50, 550 N.E.2d 941. We therefore grant peremptory writs of prohibition and mandamus prohibiting Judge O'Donnell from exercising jurisdiction over the *Burke* case and ordering him to return the case to the municipal court.

### B. Mandamus Claim Against Judge Coletta

{¶ 13} State Farm also seeks a writ of mandamus directing Judge Coletta to dismiss the *Burke* case for want of subject-matter jurisdiction upon the case's return from the common pleas court. While the uncontroverted allegations of State Farm's complaint support peremptory relief against Judge O'Donnell, they do not support the relief sought against Judge Coletta.

{¶ 14} In *Natl. Emp. Benefit Servs.*, in addition to the relief granted against the common pleas court, we ordered that the municipal court dismiss the case under Civ.R. 12(H)(3) for want of subject-matter jurisdiction. *Id.* at 51. But in that case, the plaintiff in the municipal-court matter had filed a supplemental complaint to increase the damages sought to an amount beyond the municipal court's jurisdictional limit. *Id.* at 49. In contrast, State Farm has not alleged here that Burke filed an amended or supplemental complaint in the municipal court prior to Judge Coletta's order transferring the case. State Farm's complaint states only that Judge Coletta granted Burke's motion to transfer the case to the common pleas court based on her argument that her damages would exceed $15,000. But absent an amended or supplemental complaint in which Burke increased her demand to an amount exceeding $15,000, we cannot say that jurisdiction is patently and unambiguously lacking in the municipal court. Accordingly, we deny the writ of mandamus as to Judge Coletta under S.Ct.Prac.R. 12.04(C).

{¶ 15} The fact that State Farm has filed a motion for default judgment against Judge Coletta does not alter our analysis. "When appropriate, a default judgment may be entered in a mandamus action." *State ex rel. Youngstown City School Dist. Bd. of Edn. v. Youngstown*, 84 Ohio St.3d 51, 53, 701 N.E.2d 986 (1998). But this is not such a case. The analysis whether a default judgment is proper in a mandamus action is essentially the same as an analysis whether a peremptory writ of mandamus is appropriate against a respondent who fails to respond to a complaint. *See id.* at 53. Because we have determined that the facts

accepted as true—as a result of Judge Coletta's failure to respond to the complaint—do not entitle State Farm to a writ of mandamus against him, the motion for default judgment is rendered moot.

### III. Conclusion

{¶ 16} For the reasons set forth above, we deny Judge O'Donnell's motion to dismiss. We grant a peremptory writ of prohibition to prevent Judge O'Donnell from hearing and determining *Burke v. Mayfield Brainard Auto Services, L.L.C.*, case No. CV-19-923671, in the Cuyahoga County Court of Common Pleas, and also grant a peremptory writ of mandamus ordering Judge O'Donnell to return the *Burke* matter to the Lyndhurst Municipal Court. We deny State Farm's requested writ of mandamus against Judge Coletta and deny its motion for default judgment as moot.

Writs granted in part
and denied in part.

O'CONNOR, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

KENNEDY, J., concurs in part and dissents in part, with an opinion.

_____

**KENNEDY, J., concurring in part and dissenting in part.**

{¶ 17} Because relator, State Farm Mutual Insurance Company, has failed to allege facts that, if true, would be sufficient to prove that respondent Lyndhurst Municipal Court Judge Dominic J. Coletta lacks subject-matter jurisdiction over Shelena Burke's claim for restitution, I concur in the majority's decision denying State Farm's motion for a default judgment and denying the request for a writ of mandamus against him.

{¶ 18} I agree that State Farm has stated a claim for a writ of prohibition to prevent respondent Cuyahoga County Common Pleas Court Judge John P. O'Donnell from exercising jurisdiction over Burke's action after Judge Coletta

allegedly transferred it from the municipal court, as well as a claim for a writ of mandamus to compel him to transfer that action back to the municipal court. Therefore, the majority properly denies Judge O'Donnell's motion to dismiss State Farm's action. However, it is premature at this stage of the proceedings to grant preemptory writs of prohibition and mandamus, as the majority does, because Judge O'Donnell has not answered and therefore has not admitted the material facts that demonstrate that State Farm is entitled to relief as a matter of law and of fact.

{¶ 19} A court generally may not grant a peremptory writ before an answer has been filed. *State ex rel. Conley v. Park*, 146 Ohio St.3d 454, 2015-Ohio-5226, 58 N.E.3d 1112, ¶ 9-10; *State ex rel. Beacon Journal Publishing Co. v. Radel*, 57 Ohio St.3d 102, 103, 566 N.E.2d 661 (1991); *State ex rel. Temke v. Outcalt*, 49 Ohio St.2d 189, 191, 360 N.E.2d 701 (1977). A peremptory writ will not issue unless it is without doubt that the relator is entitled to relief as a matter of law and of fact, *Conley* at ¶ 9; until an answer is filed, all we have to review are one party's allegations in the complaint.

{¶ 20} Because the court cannot simply presume that State Farm's allegations are true, the majority adopts a different approach: the facts of this case are uncontroverted as to Judge O'Donnell because *a separate party*—Judge Coletta—has failed to respond to the complaint.

{¶ 21} That analysis is flawed. Although a default may be an admission of the allegations of the complaint against the defaulting defendant, it does not operate as an admission of those allegations against other codefendants. *Archacki v. Greater Cleveland Regional Transit Auth.*, 8 Ohio St.3d 13, 14-15, 455 N.E.2d 1285 (1983). Rather, those codefendants must be given the opportunity to controvert the evidence against them. *Id*. at 15. Yet at the same time that the majority denies a default judgment against Judge Coletta—the party who did not respond to the complaint—it invokes that default against Judge O'Donnell, who has appeared in this case. The majority points to no principle of law that supports

its holding that the failure to answer by Judge Coletta is binding against Judge O'Donnell.

{¶ 22} At this stage of the proceedings, no answer has been filed and Judge O'Donnell may still deny the allegations in the complaint, dispute the authenticity of the documents attached to it, or assert a defense precluding relief in State Farm's favor. That may be unlikely, but it cannot be said to be *beyond all doubt* that he cannot or will not. The decision to grant peremptory writs of prohibition and mandamus in this case is therefore premature.

{¶ 23} For these reasons, I would deny Judge O'Donnell's motion to dismiss and order him to file an answer to the complaint. Because the majority does not, I dissent from that portion of the majority's judgment granting peremptory writs of prohibition and mandamus.

_____

Law Offices of Terrence J. Kenneally & Associates Co., Terrence J. Kenneally, and Sean M. Kenneally, for relator.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jake A. Elliott, Assistant Prosecuting Attorney, for respondent Judge O'Donnell.

_____