[Cite as *Crenshaw v. Jones*, 2022-Ohio-3913.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| MARIAH CRENSHAW, | : | |
| Plaintiff-Appellant, | : | No. 110838 |
| v. | : | |
| DENISE SERENA JONES, | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** November 3, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-947902

*Appearances:*

Mariah Crenshaw, *pro se.*

CORNELIUS J. O'SULLIVAN, JR., J.:

{¶ 1} Plaintiff-appellant Mariah Crenshaw appeals from the trial court's September 17, 2021 judgment granting defendant-appellee, Denise Serena Jones's motion for judgment on the pleadings. After careful review of the pertinent facts and law, we reverse.

{¶ 2} Appellant filed this action against appellee in May 2021. The cause of action in the complaint is "telecommunications harassment (i.e., cyberbullying,

slander, defamation, and libel." Appellant alleges that appellee "has since January 1, 2021 posted numerous slanderous, libelous, and defaming statements on social media multiple times a day with intent to harass, annoy, and embarrass [her] in violation of R.C. 2739.01." Appellant further alleged that appellee's "conduct has been nonstop harassment, bullying and intimidation * * * in violation of Ohio Revised Code 2917.21(B)(1)."

{¶ 3} Appellee answered appellant's complaint, denying the allegations, and set forth the following affirmative defenses: failure to state a claim upon which relief can be granted, failure to join necessary parties, failure to mitigate damages, and release and waiver.

{¶ 4} In August 2021, appellee filed a Civ.R. 12(C) motion for judgment on the pleadings, contending that appellant "has alleged that [appellee] committed acts against a third party, not [appellant], and this clearly shows that [appellant] has no standing to bring this cause of action." Appellee further contended that appellant alleged appellee "committed speculative acts, and not actual controversies." The trial court granted appellee's motion, finding that appellant failed to state a claim upon which relief can be granted. Appellant raises the following two assignments of error for our review:

I.     The trial court erred in granting a [Civ.R.]12[(C)] motion when the pleadings had not closed.

II.    The trial court erred in granting the motion on grounds of failure to state a claim upon which relief can be granted.

{¶ 5} We find the second assignment of error dispositive of this appeal.

**{¶ 6}** A Civ.R. 12(C) motion for judgment on the pleadings presents questions of law, the determination of which is restricted solely to the allegations in the pleadings and any writings attached to the pleadings. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 297 N.E.2d 113 (1973). A motion for judgment on the pleadings is limited to the pleadings and can be granted when the court, after construing the pleadings most favorably to the nonmoving party, finds beyond doubt that the nonmoving party could prove no set of facts in support of a claim for relief. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996). Appellate review of motions for judgment on the pleadings is de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

**{¶ 7}** Ohio is a "notice-pleading" state. *See* Civ.R. 8(A)(1). Civ.R. 8(A) requires a "short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief to which the party claims to be entitled." Thus, because Ohio is a notice-pleading state, "Ohio law does not ordinarily require a plaintiff to plead operative facts with particularity." *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 29. Under the notice pleading requirements of Civ.R. 8(A)(1), appellant is only required to plead sufficient, operative facts to support recovery under her claims. *Dottore v. Vorys, Sater, Seymour & Pease, L.L.P.*, 8th Dist. Cuyahoga No. 98861, 2014-Ohio-25, ¶ 119. However, to constitute fair notice to the opposing party, the complaint

must still allege sufficient underlying facts that relate to and support the alleged claim and may not simply state legal conclusions. *Id.*

**{¶ 8}** When discussing Ohio's pleading standard, this court has stated that "'few complaints fail to meet the liberal [pleading] standards of Rule 8 and become subject to dismissal,'" and that "'the motion to dismiss is viewed with disfavor and should rarely be granted.'" *Tuleta v. Med. Mut. of Ohio*, 2014-Ohio-396, 6 N.E.3d 106, ¶ 15 (8th Dist.), quoting *Slife v. Kundtz Properties, Inc.*, 40 Ohio App.2d 179, 182, 318 N.E.2d 557 (8th Dist.1974). This court has also noted that "[f]airness and justice are best served when a court disposes of a case on the merits." *Goehringer v. Cuyahoga Cty. Welfare Dept.,* 8th Dist. Cuyahoga No. 46700, 1983 Ohio App. LEXIS 14463, 4 (Nov. 17, 1983).

**{¶ 9}** In her complaint, appellant cites causes of action under R.C. 2739.01 and 2917.21(B)(1). R.C. 2739.01 governs libel and slander and provides as follows:

> In an action for a libel or slander, it is sufficient to state, generally, that the defamatory matter was published or spoken of the plaintiff. If the allegation is denied, the plaintiff must prove the facts, showing that the defamatory matter was published or spoken of him [or her]. In such action it is not necessary to set out any obscene word, but it is sufficient to state its import.

R.C. 2739.01.

**{¶ 10}** It is not required that a complaint in a libel action contain the exact wording of the alleged defamatory matter. *Petransky v. Vindicator Ptg. Co.*, 1935 Ohio Misc. LEXIS 1136 (7th Dist.1935).

{¶ 11} In this case, appellant alleged that appellee, "since January 1, 2021[,] posted numerous slanderous, libelous, and defaming statements on social media multiple times a day with intent to harass, annoy, and embarrass [appellant] in violation of R.C. 2739.01." Taking these allegations as true, we find that they are sufficient to survive a Civ.R. 12(C) motion for judgment on the pleadings.

{¶ 12} R.C. 2917.21(B)(1) governs telecommunications harassment and provides as follows:

> No person shall make or cause to be made a telecommunication, or permit a telecommunication to be made from a telecommunications device under the person's control, with purpose to abuse, threaten, or harass another person.

R.C. 2917.21(B)(1).

{¶ 13} Appellant alleges in her complaint that appellee's "conduct has been nonstop harassment, bullying and intimidation"; that appellee "has enlisted family and friends to engage in telecommunications harassment of [appellant] on social media"; and that appellee "has been persistent in her efforts by posting images on the internet intended to disturb [appellant]." Taking these allegations as true, we find that they are sufficient to survive a Civ.R. 12(C) motion for judgment on the pleadings.

{¶ 14} We therefore find that the trial court erred in granting appellee's motion for judgment on the pleadings and sustain appellant's second assignment of error. The first assignment of error is moot, and we decline to address it. *See* App.R. 12(A)(1)(c).

**{¶ 15}** Judgment reversed; case remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
CORNELIUS J. O'SULLIVAN, JR., JUDGE

EILEEN A. GALLAGHER, P.J., and
GENE A. ZMUDA, J.,* CONCUR

*(Sitting by assignment: Gene A. Zmuda, J., of the Sixth District Court of Appeals.)