[Cite as *Osmic v. Sutula*, 2022-Ohio-4216.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

MR. HUGH OSMIC AND
MS. KIMBERLY OSMIC,                      :

     Relators,                          :

                                     No. 112132

     v.                                 :

JUDGE KATHLEEN ANN
SUTULA, ET AL.,                          :

     Respondents.                       :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** November 23, 2022

---

Writ of Prohibition
Motion No. 559844
Order No. 559858

---

### *Appearances:*

Hugh Osmic and Kimberly Osmic, *pro se*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kelli Kay Perk, Assistant Prosecuting Attorney, *for respondents*.

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} Relators, Hugh Osmic and Kimberly Osmic, seek a writ of prohibition against respondents, Judge Kathleen Ann Sutula and Judge Timothy J. McGinty.

Relators claim that respondents do not have jurisdiction to hear an action for declaratory judgment and tortious interference with contract claims where Hugh was named as a defendant. This court sua sponte dismisses the complaint for writ of prohibition and denies the application for peremptory writ of prohibition.

## I. Factual and Procedure History

{¶ 2} According to the complaint filed November 16, 2022, Hugh was named as a defendant in *Butorac v. Osmic*, Cuyahoga C.P. No. CV-17-881894. The case was assigned to respondent Sutula, but was heard by a visiting judge, respondent McGinty. The parties to this underlying suit are siblings and the dispute centered on ownership of three parcels of land that were owned by the parties' father. Linda Butorac sought a declaration that she owned the three parcels of land. She also sought damages for tortious interference with contract because a company Hugh purportedly owned filed a quiet title action during a pending sale of the properties, which caused the sale to not go through.[1] The case proceeded to trial that resulted in a judgment in favor of Butorac for $488,801, and eventually a declaration that Butorac was the sole owner of the properties. Hugh filed an appeal from this judgment, which remains pending. *Butorac v. Osmic*, 8th Dist. Cuyahoga No. 111777.[2]

---

[1] Hugh admits in his complaint that he was later substituted as the plaintiff in that case.

[2] An earlier appeal from this case was dismissed for lack of a final, appealable order because the declaratory judgment action was unresolved. *Butorac v. Osmic*, 8th Dist. Cuyahoga No. 110383, 2022-Ohio-691. According to the instant complaint, on July 20,

{¶ 3} Butorac caused the judgment in the Cuyahoga County case to be transferred to Lake County and, according to the complaint, has begun proceedings to attempt to collect on the judgment. Relators' complaint identifies this case as *Butorac v. Osmic*, Lake C.P. No. 20CV000352.

{¶ 4} On November 20, 2022, relators filed a separate application for peremptory writ of prohibition. There, they made much of the same claims asserted in the complaint. Relators asserted that they were obviously entitled to relief based on the allegations made in the complaint and application for peremptory writ. The complaint and application for peremptory writ state that collections actions are ongoing in the Lake County case and have caused harm to relators.

## II. Law and Analysis

## A. Standards

{¶ 5} To be entitled to a writ of prohibition, relators must show that respondents have exercised judicial power that is unauthorized by law and relators lack an adequate remedy in the ordinary course of the law. *Schlegel v. Sweeney*, Slip Opinion No. 2022-Ohio-3841, ¶ 6.

> In the vast majority of cases, "a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal." *State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, 893 N.E.2d 485, ¶ 5. We dispense with the adequate-remedy requirement only in the limited circumstance when the inferior court patently and unambiguously lacks subject-matter jurisdiction over a cause of action.

2022, the trial court entered an order resolving the declaratory judgment portion of the action.

*State ex rel. Ohio Edison Co. v. Parrott*, 73 Ohio St.3d 705, 707, 654 N.E.2d 106 (1995).

*Id.*

{¶ 6} A peremptory writ may be granted when the facts are not contested and it appears beyond doubt that a relator is entitled to the requested relief. *State ex rel. State Farm Mut. Ins. Co. v. O'Donnell*, 163 Ohio St.3d 541, 2021-Ohio-1205, 171 N.E.3d 321, ¶ 7, citing *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 14.

{¶ 7} "Sua sponte dismissal of a case on the merits without notice is warranted only "'when a complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint.'"" *State ex rel. Williams v. Trim*, 145 Ohio St.3d 204, 2015-Ohio-3372, 48 N.E.3d 501, ¶ 11, quoting *State ex rel. Cincinnati Enquirer v. Ronan*, 124 Ohio St.3d 17, 2009-Ohio-5947, 918 N.E.2d 515, ¶ 3, quoting *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14, and citing *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 7.

## B. Prohibition and Standing

{¶ 8} Relators claim the question to be answered in the instant writ action is "whether the mere filing of a lawsuit can be the basis for a plaintiff to maintain an action for tortious interference with contract and whether absolute immunity of litigation immunity deprived Butorac of standing which deprives the Court of Common Pleas [of] subject[-]matter jurisdiction." (Complaint at 4.)

{¶ 9} Even though relators claim respondents lack subject-matter jurisdiction, the issues as framed by relators do not challenge the subject-matter jurisdiction of respondents. *See State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 73, 701 N.E.2d 1002 (1998), citing *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 409, 534 N.E.2d 46 (1988); *State ex rel. Staton v. Franklin Cty. Common Pleas Court*, 5 Ohio St.2d 17, 21, 213 N.E.2d 164 (1965). Instead, relators attack the lower court's judgments based on a claimed lack of standing.[3]

{¶ 10} Relators acknowledge that standing is personal to the individuals in an action and does not affect a court's subject-matter jurisdiction: "A party that contests a court's jurisdiction over a particular case does not call into question the subject-matter jurisdiction of the court." (Complaint at 8.) "Lack of standing challenges the capacity of a party to bring an action, not the subject matter jurisdiction of the court. *State ex rel. Smith v. Smith* (1996), 75 Ohio St.3d 418, 420, 662 N.E.2d 366; *State ex rel. LTV Steel Co. v. Gwin* (1992), 64 Ohio St.3d 245, 251, 594 N.E.2d 616." (Complaint at 10.)

{¶ 11} Despite these acknowledgements, relators still claim entitlement to a writ of prohibition based on a lack of standing. The Supreme Court of Ohio has previously addressed relators' argument and rejected it, stating:

> We decline to accept relator's argument because it would start us down a slippery slope. More importantly, such a determination would

---

[3] "'A party lacks standing to invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action.'" *Wood v. McClelland*, 8th Dist. Cuyahoga No. 99939, 2013-Ohio-3922, ¶ 6, quoting *State ex rel. Dallman v. Court of Common Pleas*, 35 Ohio St.2d 176, 298 N.E.2d 515 (1973), syllabus.

unjustifiably elevate the defenses of the statute of limitations, *standing*, and abatement to the level of jurisdictional defects. This would contravene well-settled legal principles that differentiate between subject matter jurisdiction and other affirmative defenses. Subject matter jurisdiction may be raised at any time because a court that lacks subject matter jurisdiction lacks the power to hear the case. Other affirmative defenses, on the other hand, must be timely raised and pleaded or otherwise are waived. The detrimental effect of unjustifiably elevating affirmative defenses to the level of subject matter jurisdiction is evident. Affirmative defenses would no longer have to be pled in a timely manner. Being jurisdictional, they could be raised at any time. This would be disruptive to litigation because it would allow unfair surprise and promote delay.

(Emphasis added.) *Jones* at 78. We do not find that a purported lack of standing leads to a lack of subject-matter jurisdiction.

{¶ 12} Relators' own complaint includes case citations contrary to their claims: "'A trial court's decision on the issue of standing is properly challenged in a postjudgment appeal rather than via extraordinary writ.'" *State ex rel. Davet v. Sutula*, 8th Dist. Cuyahoga No. 96548, 2011-Ohio-2803, ¶ 9, quoting *Jones*, 84 Ohio St.3d at 77, 701 N.E.2d 1002, citing *Smith* at 420; *LTV Steel* at 251.

{¶ 13} Relators spend some time stressing that a claimed lack of standing can be raised at any time and likening that to subject-matter jurisdiction. A claimed lack of subject-matter jurisdiction cannot be waived and can be raised at any time. *State v. Wogenstahl*, 150 Ohio St.3d 571, 2017-Ohio-6873, 84 N.E.3d 1008. A claimed lack of standing can be waived. *See ProgressOhio.org, Inc. v. JobsOhio*, 139 Ohio St.3d 520, 2014-Ohio-2382, 13 N.E.3d 1101, ¶ 16, citing *State ex rel. E. Cleveland Fire Fighters' Assn., Local 500, Internatl. Assn. of Fire Fighters v. Jenkins,* 96 Ohio St.3d 68, 2002-Ohio-3527, 771 N.E.2d 251, ¶ 12.

{¶ 14} Even if a lack of standing was a valid basis on which relators could rely for prohibition, they have not established that Butorac lacks standing to bring a declaratory judgment action and a tort claim for tortious interference with contract against Hugh.

{¶ 15} "Standing" is generally defined as "[a] party's right to make a legal claim or seek judicial enforcement of a duty or right." *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27.

> "'Whether a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy is what has traditionally been referred to as the question of standing to sue. Where the party does not rely on any specific statute authorizing invocation of the judicial process, the question of standing depends on whether the party has alleged * * * a "personal stake in the outcome of the controversy."'"

*Cleveland v. Shaker Hts.*, 30 Ohio St.3d 49, 51, 507 N.E.2d 323 (1987), quoting *Middletown v. Ferguson*, 25 Ohio St.3d 71, 75, 495 N.E.2d 380 (1986), quoting *Sierra Club v. Morton*, 405 U.S. 727, 731-732, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972), quoting *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663 (1972).

{¶ 16} The arguments raised in the complaint are that Hugh is immune from the tort claim because it is based on his filing of a quiet title action, an act protected by the First Amendment and subject to an absolute immunity. Relators more specifically argue there is no live case or controversy because Hugh's act of filing a quiet title action cannot lead to a suffered or threatened injury as a result of an illegal activity because his actions were legal, one of the necessary elements of a justiciable controversy.

{¶ 17} However, relators' claims of absolute immunity depend entirely on whether the lawsuit Hugh filed was a sham suit. Relators ignore important limitations on the immunity bestowed as a result of these concepts as explained by the Supreme Court of Ohio:

> One of the most fundamental and protected rights of our judicial system is the ability of citizens to access the courts. This right is preserved in both the First Amendment to the United States Constitution and Article I, Section 16 to the Ohio Constitution. The First Amendment provides that "Congress shall make no law * * * abridging * * * the right of the people * * * to petition the Government for a redress of grievances." Article I, Section 16 to the Ohio Constitution reads: "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay."
>
> Although the courthouse doors are open to all litigants, both the United States Supreme Court and this court have set limitations on the right to redress claims that are brought as a sham, to vex and annoy, or in an attempt to interfere directly with a competitor's business relationships. *In Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*, 508 U.S. 49, 56, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993), the Supreme Court recognized this limitation and held that the First Amendment right to access the courthouse does not extend to sham litigation. We too have recognized the limitation to the right to seek redress by holding: "Despite the paramount importance placed on the ability to access the courts for redress of injuries, the right is not absolute." *Greer-Burger v. Temesi*, 116 Ohio St.3d 324, 2007-Ohio-6442, 879 N.E.2d 174, ¶ 11.

*Am. Chem. Soc. v. Leadscope, Inc.*, 133 Ohio St.3d 366, 2012-Ohio-4193, 978 N.E.2d 832, ¶ 22-23.

{¶ 18} Therefore, where the filed litigation constitutes a sham, is filed to vex or harass or to interfere with business relationships, a litigation privilege does not provide immunity from suit. Whether Hugh is immune from suit is a question that

must be presented and determined in the underlying litigation and in no event removes subject-matter jurisdiction from respondents to hear and decide the claims brought against Hugh. Those are determinations for a trier of fact, not suitable for a writ of prohibition.

{¶ 19} Respondents have jurisdiction to hear civil claims including claims of declaratory judgment and tortious interference with contracts.

> Article IV, Section 4(B) of the Ohio Constitution vests the courts of common pleas with "original jurisdiction over all justiciable matters * * * as may be provided by law." To this end, Ohio law provides that courts of common pleas have general subject-matter jurisdiction over civil actions. *See State ex rel. Cleveland Elec. Illum. Co. v. Cuyahoga Cty. Court of Common Pleas*, 88 Ohio St.3d 447, 449, 2000-Ohio-379, 727 N.E.2d 900 (2000), citing R.C. 2305.01.

*Santomauro v. McLaughlin*, Slip Opinion No. 2022-Ohio-2441, ¶ 15. *See also* R.C. 2721.02(A) (the declaratory judgment statute states that courts of record may hear declaratory judgment actions). Respondents do not patently and unambiguously lack jurisdiction. Therefore, relators must show that they lack any other adequate remedy at law within which to argue these claims. A writ of prohibition will not be issued, absent a patent and unambiguous lack of jurisdiction, where a relator possesses an adequate remedy. *LTV Steel*, 64 Ohio St.3d at 248, 594 N.E.2d 616. Hugh has already filed an appeal from the trial court's final order. This constitutes an adequate remedy at law that Hugh has, in fact, employed to argue his immunity claims.

## C. Lake County Proceedings

{¶ 20} Relators also seek to prohibit the Lake County case from going forward. In the introduction of the complaint, relators state, "Whereas the matter is ripe for adjudication in this Court and the parties, proceeding jointly and severally, have no other adequate remedy at law, it is prayed that for the following reasons this Court enter a Writ of Prohibition to the Lake and Cuyahoga County Common Pleas Courts as is hereby prayed." Relators seem to argue that because Butorac has initiated litigation in Lake County in an attempt to collect on her judgment, relators are left without any remedy.

{¶ 21} Respondents are not exercising juridical authority in the Lake County case. Therefore, relators have not and cannot show this first necessary element for a writ of prohibition.

{¶ 22} In the application for peremptory writ, relators' arguments demonstrate that they are actually seeking to stay the Cuyahoga County court's judgment pending appeal. App.R. 7 provides for such a stay. There exists an adequate remedy at law.

{¶ 23} Finally, this court may not issue a writ of prohibition against the unnamed judge presiding over the Lake County case. *See State ex rel. Thompson v. Santoli*, 8th Dist. Cuyahoga No. 106888, 2018-Ohio-1743, ¶ 5 ("A writ cannot issue against a nonparty judge.").

{¶ 24} What relators are essentially seeking is a stay of the judgment issued by respondents but in the form of a writ of prohibition. That is not an appropriate use of the extraordinary writ.

### III. Conclusion

{¶ 25} Relators' complaint for writ of prohibition and application for peremptory writ of prohibition are sua sponte dismissed and denied, respectively, for the reasons set forth in the complaint. Relators obviously cannot succeed in this action. Costs assessed against relator. The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 26} Complaint dismissed.

_____
FRANK DANIEL CELEBREZZE, III, JUDGE

SEAN C. GALLAGHER, A.J., and
MICHELLE J. SHEEHAN, J., CONCUR