[Cite as *Burke v. Mayfield Brainard Auto Servs., L.L.C.*, 2023-Ohio-446.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| SHELENA BURKE, | : | |
| Plaintiff-Appellant, | : | No. 111361 |
| v. | : | |
| MAYFIELD BRAINARD AUTO SERVICES, LLC, ET AL., | : | |
| Defendants-Appellees. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 16, 2023

Civil Appeal from the Lyndhurst Municipal Court
Case No. 18CVF02765

### *Appearances:*

Shelena Burke, *pro se.*

Law Offices of Terrence J. Kenneally & Associates Co., Terrance J. Kenneally, Sean M. Kenneally, and Kirk E. Roman, *for appellee* State Farm Mutual Insurance.

Hans C. Kuenzi Co., L.P.A., and Hans C. Kuenzi, *for appellee* Mayfield Brainard Auto Service, L.L.C.

MARY J. BOYLE, J.:

{¶ 1} Plaintiff-appellant, Shelena Burke ("Burke"), pro se, was involved in a car accident. Defendant-appellee, State Farm Mutual Insurance Company ("State Farm"), was Burke's insurer at the time of the accident. Defendant-appellee, Mayfield Brainard Auto Service, LLC ("Mayfield Brainard"), performed the repairs to Burke's vehicle. Burke appeals the Lyndhurst Municipal Court's judgment adopting the magistrate's decision finding in favor of Mayfield Brainard and State Farm. For the reasons set forth below, we affirm.

{¶ 2} On December 26, 2018, Burke filed a pro se small claims complaint in the Lyndhurst Municipal Court against Mayfield Brainard and State Farm, seeking restitution for the total loss of her vehicle and only alleging "faulty repairs/poor workmanship causing total shutdown of car's electrical system." Burke sought $6,000 in damages against each defendant. In response, Mayfield Brainard filed an answer alleging that Burke failed to state a claim upon which relief can be granted, and State Farm filed a motion to dismiss for failure to state a claim and lack of jurisdiction. State Farm also filed a motion to have the case transferred from small claims to municipal court, which the Lyndhurst Municipal Court granted in March 2019. At the time, Burke did not request a jury trial.

{¶ 3} In June 2019, Burke filed a motion to transfer her case to the Cuyahoga County Common Pleas Court. In response to Burke's motion, the Lyndhurst Municipal Court allowed Burke to amend her complaint and set forth a cause of action and claim for relief in excess of the court's jurisdiction.

Subsequently, Burke amended her complaint and the Lyndhurst Municipal Court granted her motion to transfer. In her amended complaint, Burke requested that the matter be transferred "since the actual amount of restitution exceeds the jurisdictional limits of the Lyndhurst Municipal Court." Burke alleged that her vehicle was a total loss, she incurred lost wages, rental car fees, and miscellaneous fees, and sought punitive damages. She requested that the defendants "be forced" to pay off the remaining balance owed on her vehicle. Burke made a request for a jury trial, but conditioned her request only upon the Lyndhurst Municipal Court's refusal and denial to transfer her case. Proceedings were then conducted at the common pleas court, but the matter was ultimately returned to the Lyndhurst Municipal Court in April 2021 pursuant to Ohio Supreme Court's decision in *State ex rel. State Farm Mut. Ins. Co. v. O'Donnell*, 163 Ohio St.3d 541, 2021-Ohio-1205, 171 N.E.3d 321.

{¶ 4} Following the return of the matter to the Lyndhurst Municipal Court, Mayfield Brainard filed a motion to deem facts admitted, which the court granted. Mayfield Brainard requested that the court deem the facts admitted for Burke's failure to respond to the admissions in full. State Farm also filed a motion for judgment on the pleadings.

{¶ 5} The matter proceeded to trial before a magistrate in December 2021. Ten days later, the magistrate issued a decision dismissing Burke's complaint, with prejudice, against State Farm and Mayfield Brainard. The magistrate found that Burke's vehicle collided with a deer while she was driving on the highway. Her

vehicle was taken to Mayfield Brainard for repairs and her insurer, State Farm, paid for the repairs less Burke's deductible. Approximately two months later, Burke took her car to a car dealer for repairs because of electrical issues. State Farm inspected the vehicle and determined that there was no connection between the electrical issues and the collision and denied Burke's claim for payment of the repairs to the electrical system. Burke's complaint alleged that the defendants failed to properly repair her car. At trial, Burke acknowledged that State Farm is her insurance company and it did not perform any repairs to her vehicle. Subsequently, the magistrate granted State Farm's motion for judgment on the pleadings and dismissed it from the case.

{¶ 6} The magistrate further found that as part of Mayfield Brainard's facts deemed admitted, Burke admitted that she is not an expert in automotive electronics. Burke did not present any expert testimony to connect the electrical system problems with the collision and Mayfield Brainard's repairs. Burke also failed to produce any evidence of the amount of damages to her car. At the conclusion of Burke's case, Mayfield Brainard moved to dismiss the complaint with prejudice, which the magistrate granted.

{¶ 7} Burke filed objections to the magistrate's decision but did not file the trial transcript with her objections. In February 2022, the Lyndhurst Municipal Court overruled Burke's objections, and affirmed and adopted the magistrate's decision.

**{¶ 8}** It is from this order that Burke appeals, raising the following three assignments of error for review:

> **Assignment of Error One:** The trial court erred and abused its discretion in removing * * * State Farm from the case and dismissing plaintiff's motion to compel credible evidence from defendants pertinent to the case.
>
> **Assignment of Error Two:** The magistrate not having the whole truth in the matter, came to an erroneous conclusion and finding of facts by failing to allow "all" the facts, evidence, and testimony pertinent to the case to come forth by dismissing State Farm, a named defendant from the case.
>
> **Assignment of Error Three:** Plaintiff acting as pro se attorney, was not notified, nor consented to a bench trial waiving her right to trial by jury.

**{¶ 9}** In the first and second assigned errors, Burke argues that the court erred by dismissing State Farm from the case and dismissing her motion to compel discovery.

**{¶ 10}** "A Civ.R. 12(C) motion for judgment on the pleadings presents questions of law, the determination of which is restricted solely to the allegations in the pleadings and any writings attached to the pleadings." *Crenshaw v. Jones*, 8th Dist. Cuyahoga No. 110838, 2022-Ohio-3913, ¶ 6, citing *Peterson v. Teodosio*, 34 Ohio St.2d 161, 297 N.E.2d 113 (1973). A motion for judgment on the pleadings is limited to the pleadings and can be granted when the court, after construing the pleadings most favorably to the nonmoving party, finds beyond doubt that the nonmoving party could prove no set of facts in support of a claim for relief. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996), citing *Lin v. Gatehouse Constr. Co.*, 84 Ohio App.3d 96, 99, 616 N.E.2d 519

(8th Dist.1992). Appellate review of motions for judgment on the pleadings is de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5, *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136.

{¶ 11} We note that Ohio is a "notice-pleading" state. Civ.R. 8(A) requires a "short and plain statement of the claim showing that the pleader is entitled to relief, and * * * a demand for judgment for the relief to which the party claims to be entitled." Under the notice pleading requirements of Civ.R. 8(A)(1), Burke was required to plead sufficient, operative facts to provide fair notice to the defender of the claim. *Dottore v. Vorys, Sater, Seymour & Pease, L.L.P.*, 8th Dist. Cuyahoga No. 98861, 2014-Ohio-25, ¶ 113, citing *Fancher v. Fancher*, 8 Ohio App.3d 79, 455 N.E.2d 1344 (1st Dist.1982); *DeVore v. Mut. of Omaha Ins. Co.*, 32 Ohio App.2d 36, 288 N.E.2d 202 (7th Dist.1972).

{¶ 12} Burke sought restitution for the total loss of her vehicle and alleged that she incurred lost wages, rental car fees, and miscellaneous fees. This language does not state a claim against State Farm. No contractual claim was alleged and there was no allegation that State Farm performed any work on Burke's vehicle. Therefore, Burke could not prove any set of facts in support of her restitution claim against State Farm. Accordingly, the motion for judgment on the pleadings was properly granted.

{¶ 13} With regard to Burke's motion to compel argument, we note that when serving discovery requests, the civil rules of procedure require that the party

serving the requests serve them in "shareable medium and in an editable format by electronic mail, or by other means agreed to by the parties." Civ.R. 33(A), 34(B), and 36(A). If a party is unable to fulfill the requirement they must seek leave of court to be relieved of the requirement. *Id.* When a party seeks a motion to compel, the party must certify prior to filing the motion that they have conferred or attempted to confer with the opposing party to resolve the discovery dispute. Civ.R. 37(A)(1), (3).

{¶ 14} Here, a review of the record reveals that any discovery requests Burke allegedly made were not served in an electronic format. Furthermore, the record does not indicate that Burke attempted to resolve the alleged dispute prior to filing her motion to compel. We therefore find Burke's argument unpersuasive.

{¶ 15} Accordingly, the first and second assignment of error are overruled.

{¶ 16} In the third assigned error, Burke argues that she did not waive her right to a jury trial and she did not consent to a bench trial. She further argues that the magistrate's decision contains "misinformation, assumptions, and false statements" not admitted by her.

{¶ 17} Loc.R. 31(A) of the Lyndhurst Municipal Court provides that "[a]ll trials shall be set before the Court unless a party to the action files a timely jury demand." In the instant case, the record demonstrates that Burke did not request a jury trial with her initial complaint. With her amended complaint, Burke requested a jury trial, but conditioned her request only upon the Lyndhurst Municipal Court's refusal and denial to transfer her case to Cuyahoga County Common Pleas Court.

The Lyndhurst Municipal Court granted Burke's motion and the matter was transferred to common pleas court in July 2019. As a result, Burke waived her right to a jury trial because the Lyndhurst Municipal Court granted the transfer and the record reflects that Burke did not make another request after that point in the proceedings.

{¶ 18} Burke also takes issue with the magistrate's findings of fact from the Lyndhurst Municipal Court. We note that Civ.R. 53(D)(3)(b) requires that objections to a factual finding shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding. When a party has failed to file a transcript of the proceedings before the magistrate, the trial court must adopt the factual findings of the magistrate and limit its review of objections to the conclusions of law by the magistrate. *In re G.J.A.*, 8th Dist. Cuyahoga Nos. 107220 and 107575, 2019-Ohio-1768, ¶ 20; *Vannucci v. Schneider*, 8th Dist. Cuyahoga No. 104598, 2017-Ohio-192, ¶ 17, citing *In re C.L.*, 8th Dist. Cuyahoga No. 93720, 2010-Ohio-682, ¶ 8, and *Allread v. Allread*, 2d Dist. Darke No. 2010 CA 6, 2011-Ohio-1271, ¶ 18.

{¶ 19} Without a transcript or alternative record, this court must presume regularity and presume that the trial court considered all the evidence and arguments raised. *In re G.J.A.* at ¶ 12, citing *Miranda v. Saratoga Diagnostics*, 2012-Ohio-2633, 972 N.E.2d 145, ¶ 26 (8th Dist.). "'[W]e accept the factual findings of the trial court as true and limit our review to the legal conclusions of the trial court.'" *Id.*, quoting *Bailey v. Bailey*, 8th Dist. Cuyahoga No. 98173, 2012-Ohio-

5073, ¶ 8, citing *Snider v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 11AP-965, 2012-Ohio-1665, ¶ 8. Moreover, "[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus.

{¶ 20} Here, Burke failed to file a transcript or affidavit of proceedings with her objections to the magistrate's decision. As a result, we presume that the municipal court considered all the evidence and arguments raised, and the court properly adopted the factual findings of the magistrate and limited its review of Burke's objections to the conclusions of law made by the magistrate.

{¶ 21} Therefore, the third assignment of error is overruled.

{¶ 22} Judgment is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

LISA B. FORBES, P.J., and
MICHAEL JOHN RYAN, J., CONCUR