OPINION
{¶ 1} Plaintiff-appellant Roger Thacker appeals from the striking and dismissing of his complaint against the Clark County Board of Commissioners and the Clark County Prosecutor. That complaint is styled: "Roger K. Thacker [address] and Kathy, Dustin, Christina, Thacker [address] Plaintiffs v. Ohio and Clark County, Ohio Commissioners, *Page 2 
Springfield Ohio and Clark County, Prosecutor, Defendants."
 {¶ 2} The entirety of the text of the complaint is as follows:
 {¶ 3} "To The Clark County State of Ohio,
 {¶ 4} "I am filing suit against Clark County State of Ohio, For giving out a false back ground check, case number AR372535 the charge distribution TRAFF-MJ on May 31 1991 and case AR373135 DA/14DJ/CTS/F100/C/TRAFF-INN-MJ. The record shows I was convicted of 2 felonies.
 {¶ 5} "I am sewing [sic] for the sum of 14 million dollars, for slander, deffimation [sic] of character and for contributing to the on going poverty in our family, also for punitive damages and public humiliation for myself, my wife, and kids.
 {¶ 6} "I am sewing [sic] on behalf of Roger Thacker, Kathy Thacker, Dustin Thacker, and Christina Thacker. We feel discriminated against the community [sic].
 {¶ 7} "I am enclosing a copy of the back ground check on page 3.
 {¶ 8} "I would like for someone that can help settle his matter to contact me at [telephone number] ask for Roger Thacker or leave a message and I will get back with you.
 {¶ 9} "Thank you
 {¶ 10} "Roger Thacker and family"
 {¶ 11} Although the foregoing bears the typed name of Roger Thacker at the bottom, no signature appears anywhere on this document.
 {¶ 12} The defendants moved to strike the complaint upon the ground that it failed to comply with Civ. R. 11 — specifically, that it failed to comply with the requirement in that Rule that a complaint be signed. The defendants also moved to strike the *Page 3 
complaint as to all the plaintiffs other than Roger Thacker, upon the ground that he was not authorized to represent the other plaintiffs, not having been admitted to the practice of law in Ohio. This issue is moot, since Thacker is only appealing on his own behalf.
 {¶ 13} The Thackers opposed the motion.
 {¶ 14} The trial court entered judgment, the entire text of which is as follows:
 {¶ 15} "Defendants' joint motion to strike Plaintiffs' complaint for violation of Civil Rule 11 and the unauthorized practice of law is SUSTAINED. This complaint is hereby DISMISSED at plaintiffs' costs."
 {¶ 16} Thacker then filed a document in the trial court that has been construed as a notice of appeal, the entire text of which is as follows:
 {¶ 17} "To the Court of Appeals I Roger Thacker am asking that the appeals court amend my case. Let the case show that Roger Thacker can continue. Let Dustin, Christina and Kathy Thacker be excluded from the case under Rule 2505.05 Notice of Appeal.
 {¶ 18} "I Roger Thacker wish to have an oral argument as soon as possible."
 {¶ 19} Thacker has not filed a written motion for oral argument in accordance with Loc. R. 3 of this court. We have consistently construed this Rule as requiring the filing of a separate written motion for oral argument in our court, as opposed to inserting a request for oral argument in a brief, or, as in this case, in the notice of appeal. This is because briefs and notices of appeal are not routinely brought to the attention of this court until cases have already been scheduled either for oral argument, or for submission without oral argument, by which time it is usually too late to schedule another appeal for submission on the date set for disposition of the appeal in which a *Page 4 
motion for oral argument has not been the subject of a timely written motion.
 {¶ 20} Thacker has also failed to comply with the requirement of App. R. 16(A)(3) that the appellate brief set forth one or more assignments of error presented for review. However, as the defendants note, the trial court took but one action in this case, which was its striking and dismissal of the complaint by entry filed March 20, 2008. We will assume that this is the act of the trial court that Thacker asserts to have been erroneous.
 {¶ 21} Civ. R. 11 provides that: "A party who is not represented by an attorney shall sign the pleading, motion, or other document and state the party's address. * * * . If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served."
 {¶ 22} Thacker's complaint was not signed. Under Civ. R. 11, that is ground for striking the complaint. We do not find from this record that the trial court abused its discretion in striking and dismissing the complaint. The complaint fails to comply with Civ. R. 8(A) in that it sets forth a demand for relief in excess of $25,000 and specifies the particular amount sought, in violation of the Rule. It also asserts a claim against "Clark County State of Ohio, For giving out a false background check," but includes no allegations setting forth actions or omissions by the defendant Board of Commissioners, or by the defendant Prosecutor. The one document attached to the complaint is entitled "Automated Springfield, Ohio Police Record of Charges Filed for: THACKER, ROGER K.," and it does not clearly reflect that Thacker was convicted of two felonies, as he alleges in his complaint. The references are to three cases, with the words: "TRAFF *Page 5 
MJ," "TRAFF IN MJ," and "STOP SIGN," which we would take to be two trafficking in marijuana charges and one (highway) traffic charge. There is nothing clearly reflecting that the marijuana convictions are felonies.
 {¶ 23} In any event, since the document attached to Thacker's complaint appears to be a record of the Springfield, Ohio, Police Department, there is nothing therein to establish, or even to suggest, any wrongful act by the Clark County Board of Commissioners, or by the Clark County Prosecutor.
 {¶ 24} Under these circumstances, we conclude that the trial court did not abuse its discretion in striking the complaint under the authority of Civ. R. 11. The striking of the complaint then justified the dismissal of the complaint.
 {¶ 25} The judgment of the trial court is Affirmed.
DONOVAN, P.J., and BROGAN, J., concur. *Page 1