[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Williams v. Trim,* Slip Opinion No. 2015-Ohio-3372.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-3372

THE STATE EX REL. WILLIAMS, APPELLANT, *v.* TRIM, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Williams v. Trim,* Slip Opinion No. 2015-Ohio-3372.]

*Mandamus—Prohibition—Injunction—Sua sponte dismissal on the merits without notice warranted only when complaint is frivolous or claimant obviously cannot prevail on the facts alleged in the complaint—Court of appeals lacks original jurisdiction to issue prohibitory injunction—Dismissal affirmed in part and reversed in part—Cause remanded.*

(No. 2014-0899—Submitted April 14, 2015—Decided August 25, 2015.)

APPEAL from the Court of Appeals for Union County, No. 14-13-18.

_____

**Per Curiam.**

{¶ 1} We affirm in part, reverse in part, and remand this appeal of an original action, to allow briefing and consideration of the mandamus claim of appellant, Agatha Martin Williams. Williams, an inmate, objects to the Ohio

Department of Rehabilitation and Correction's attachment of money in her prison account because it originated from a pension, and she claims that the money is therefore exempt from garnishment or attachment under R.C. 2329.66.

{¶ 2} In her complaint below, Williams sought several different forms of relief, including an injunction, a writ of prohibition, and a writ of mandamus. Following a preliminary motion below, the court of appeals, without notice, dismissed Williams's entire case. The court of appeals correctly dismissed most of Williams's complaint, even without notice. However, her mandamus claims regarding, among other things, the exempt status of the pension money placed in her prison account, should not have been dismissed. Rather, the court should have given her notice that it intended to consider her mandamus claims and allowed her to brief the issues before deciding the merits.

{¶ 3} Therefore, we affirm in part, reverse in part, and remand to the court of appeals to allow Williams to brief her mandamus claims before the court of appeals decides them on the merits.

*Facts*

{¶ 4} Williams was convicted in Stark County on various counts of theft, grand theft, and forgery. She is serving a 102-month sentence at the Ohio Reformatory for Women.

{¶ 5} Williams is the beneficiary of a lifetime pension benefit from the Timken Company, based on a qualified domestic-relations order, and she began receiving $412.18 per month on March 1, 2011. Williams alleges that the benefit is deposited directly into a checking account that she holds jointly with her adult daughter, who occasionally transfers a portion of the funds from the checking account into Williams's prison account.

{¶ 6} In December 2012, Williams was served with a court order to pay an obligation. The sentencing judgment in her criminal conviction ordered her to pay restitution in the amount of $166,354.94 and a fine of $27,500. Williams

went through the allowed prison procedures to object to the attachment of the funds in her prison account, claiming that they were pension benefits exempt from garnishment under R.C. 2329.66. Nevertheless, a hold was placed on her prison account.

{¶ 7} Williams completed the inmate grievance process regarding her objection to the collection of her funds. This and other grievances were ultimately denied. She claims that the business office placed her account on legal-hold status and allowed her only $25 per month to spend at the commissary and that starting in January 2013, everything greater than that amount was garnished and sent to the Stark County Clerk of Courts.

{¶ 8} In her complaint before the court of appeals, Williams sought injunctive relief, a writ of prohibition, and a writ of mandamus ordering the warden to exempt the funds in Williams's account from attachment or garnishment.

{¶ 9} The warden filed an answer to the complaint. Approximately three weeks later, Williams filed a one-page motion seeking a temporary restraining order and preliminary injunction, with no memorandum in support. The warden filed a memorandum in opposition. Williams did not reply. Based on this briefing alone, the court of appeals dismissed the case in its entirety. Williams appealed to this court.

*Analysis*

{¶ 10} We apply an abuse-of-discretion standard when reviewing an appellate court's decision to deny a writ of mandamus. *State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 141 Ohio St.3d 113, 2014-Ohio-4364, 22 N.E.3d 1040, ¶ 24, citing *State ex rel. Nese v. State Teachers Retirement Bd. of Ohio*, 136 Ohio St.3d 103, 2013-Ohio-1777, 991 N.E.2d 218, ¶ 55.

**{¶ 11}** Sua sponte dismissal of a case on the merits without notice is warranted only " 'when a complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint.' " *State ex rel. Cincinnati Enquirer v. Ronan*, 124 Ohio St.3d 17, 2009-Ohio-5947, 918 N.E.2d 515, ¶ 3, quoting *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14, and citing *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 7.

**Sua sponte dismissal of injunction and prohibition claims**

**{¶ 12}** The court of appeals correctly dismissed Williams's claims for injunctive relief. A court of appeals lacks original jurisdiction to grant prohibitory injunctions. *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 248, 673 N.E.2d 1281 (1997). "Neither [the Supreme Court] nor a court of appeals has original jurisdiction in prohibitory injunction." *Id.*, citing *State ex rel. Governor v. Taft*, 71 Ohio St.3d 1, 3, 640 N.E.2d 1136 (1994), and *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph four of the syllabus. Because Williams "obviously cannot prevail on the facts alleged in the complaint" with regard to injunctive relief, the court below was correct in dismissing this part of her complaint, even without notice. *See Ronan*, 124 Ohio St.3d 17, 2009-Ohio-5947, 918 N.E.2d 515, at ¶ 3.

**{¶ 13}** The court of appeals also correctly held, even without notice, that Williams obviously cannot prevail on her claim for a writ of prohibition. To be entitled to the requested writ of prohibition, Williams must establish that (1) the warden is about to or has exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18, 23; *State ex rel. Miller v. Warren Cty. Bd. of Elections*, 130 Ohio St.3d 24, 2011-Ohio-4623, 955 N.E.2d 379, ¶ 12. The last two elements may be established by showing that

the respondent who is about to exercise judicial or quasi-judicial power patently and unambiguously lacks jurisdiction. *Chesapeake Exploration, L.L.C. v. Oil & Gas Comm.*, 135 Ohio St.3d 204, 2013-Ohio-224, 985 N.E. 2d 480, ¶ 11.

{¶ 14} The warden is not alleged to have engaged in judicial or quasi-judicial power by putting a hold on Williams's account. Judicial or quasi-judicial power is defined as the power "to hear and determine controversies that require a hearing resembling a judicial trial." (Emphasis omitted.) *State ex rel. Bruggeman v. Ingraham*, 87 Ohio St.3d 230, 231, 718 N.E.2d 1285 (1999), citing *State ex rel. Youngstown v. Mahoning Cty. Bd. of Elections*, 72 Ohio St.3d 69, 71, 647 N.E.2d 769 (1995).

{¶ 15} Therefore, Williams "obviously cannot prevail on the facts alleged in the complaint" as to her claims in prohibition, and those claims were properly dismissed sua sponte by the court below. *See Ronan*, 124 Ohio St.3d 17, 2009-Ohio-5947, 918 N.E.2d 515, at ¶ 3.

**Sua sponte dismissal of mandamus claims**

{¶ 16} The court of appeals erred in dismissing Williams's mandamus claims without giving her the opportunity to brief them. To be entitled to extraordinary relief in mandamus, Williams must establish a clear legal right to the requested relief, a clear legal duty on the part of the warden to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. Williams must prove that she is entitled to the writ by clear and convincing evidence. *Id.* at ¶ 13.

{¶ 17} Williams's first request for relief involves the substantive question whether the money transferred from her checking account into her inmate account may be attached because it originally comes from a pension. R.C. 5120.133 allows the Department of Rehabilitation and Correction to take and transmit funds in a prisoner's account to a court for payment of a stated obligation. R.C.

5120.133(A). The department may also make rules specifying that a portion of the inmate's money may be retained and not used to satisfy the obligation. R.C. 5120.133(B). However, the rules cannot permit the disbursement of funds if those funds are exempt under R.C. 2329.66. *Id.* R.C. 2329.66 exempts certain pension benefits from garnishment or attachment. R.C. 2329.66(A)(10).

**{¶ 18}** In *Daugherty v. Cent. Trust Co. of Northeastern Ohio, N.A.*, 28 Ohio St.3d 441, 504 N.E.2d 1100 (1986), we explored the question whether funds remain exempt under R.C. 2329.66 when deposited in a checking account. We concluded that statutorily exempt funds do not lose their exempt status when deposited in a personal checking account and held that the rationale for that conclusion was "to protect funds intended primarily for maintenance and support of the debtor's family." *Id.* at 445. That rationale would be frustrated "if exempt funds were automatically deprived of their statutory immunity when deposited in a checking account * * * in order to pay by check those regular subsistence expenses [the debtor] incurs." *Id.*

**{¶ 19}** In *Daugherty* we held that "personal earnings exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order * * * retain their exempt status when deposited in a personal checking account, so long as the source of the exempt funds is known or reasonably traceable." *Id.*

**{¶ 20}** Unlike in *Daugherty*, the funds in this case are not simply deposited in a checking account. The pension funds are deposited into a bank account held jointly by Williams and her college-age daughter. Williams alleges that her daughter uses most of the money to support Williams's family but periodically places amounts from this account into Williams's inmate account for her use at the prison. She claims that the source of the exempt funds is, as it was in *Daugherty*, "known or reasonably traceable."

**{¶ 21}** Because Williams has a colorable argument that the funds in her inmate account are exempt from attachment, the court of appeals erred in

dismissing Williams's mandamus claim, sua sponte, on the merits. Her arguments are not frivolous, nor is it true that she "obviously cannot prevail on the facts alleged in the complaint." *Ronan*, 124 Ohio St.3d 17, 2009-Ohio-5947, 918 N.E.2d 515, at ¶ 3.

{¶ 22} Williams's complaint raises some issues for which she may not be able to satisfy the requirements for a writ of mandamus. Specifically, she alleges that the warden violated her constitutional rights and did not follow the guidelines for collection procedures in Ohio Adm.Code 5120-5-03 and federal and Ohio laws governing collections. These laws and state and federal civil-rights statutes such as 42 U.S.C. 1983 may provide Williams with adequate remedies for the possible violation of due process and collections procedures. If that is the case, her mandamus claims would be subject to dismissal, as Williams "obviously cannot prevail on the facts alleged in the complaint" where alternate remedies exist. *See Ronan* at ¶ 3.

{¶ 23} However, the court below dismissed these claims on the basis that the statutes and procedures authorizing collections are constitutional. Williams is not asserting that the laws are unconstitutional, but that the procedures were improperly followed. Williams must be given the opportunity to brief the mandamus issue with regard to these claims before they may be dismissed.

{¶ 24} In addition, " 'if the allegations of a complaint for a writ of mandamus indicate that the real objects sought are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in mandamus and must be dismissed for want of jurisdiction.' " *State ex rel. Satow v. Gausse-Milliken*, 98 Ohio St.3d 479, 2003-Ohio-2074, 786 N.E.2d 1289, ¶ 13, quoting *State ex rel. Grendell v. Davidson*, 86 Ohio St.3d 629, 634, 716 N.E.2d 704 (1999). If Williams's complaint in mandamus is really asking for a prohibitory injunction, she has an alternate remedy at law and a writ of mandamus is precluded.

**{¶ 25}** To divine the true objects of Williams's mandamus action, the court " 'must examine [her] complaint "to see whether it actually seeks to prevent, rather than to compel, official action." ' " *Satow* at ¶ 13, quoting *State ex rel. Cunningham v. Amer Cunningham Co., L.P.A.*, 94 Ohio St.3d 323, 324, 762 N.E.2d 1012 (2002), quoting *State ex rel. Stamps v. Montgomery Cty. Automatic Data Processing Bd.*, 42 Ohio St.3d 164, 166, 538 N.E.2d 105 (1989).

**{¶ 26}** Williams couches her request for relief in mandamus as a request for an order compelling the performance of an affirmative duty, that is, to exempt her account from attachment. The warden in her brief below and before this court asserts that Williams is actually seeking a prohibitory injunction preventing official action by blocking the hold placed on Williams's account. This too is a close question, requiring notice to Williams before the court can dismiss her complaint sua sponte. It is not clear as to this question that she "obviously cannot prevail on the facts alleged in the complaint." *Ronan*, 124 Ohio St.3d 17, 2009-Ohio-5947, 918 N.E.2d 515, at ¶ 3.

**{¶ 27}** Because the court of appeals erroneously dismissed Williams's mandamus claims on the merits without notice, we reverse and remand for that court to allow briefing and presentation of evidence before deciding Williams's mandamus claims. " ' "Generally, reversal of a court of appeals' erroneous dismissal of a complaint based upon failure to state a claim upon which relief can be granted requires a remand [to that court] for further proceedings." ' " (Brackets sic.) *State ex rel. Natl. Elec. Contractors Assn. v. Ohio Bur. of Emp. Servs.*, 83 Ohio St.3d 179, 184, 699 N.E.2d 64 (1998), quoting *State ex rel. Rogers v. McGee Brown*, 80 Ohio St.3d 408, 410–411, 686 N.E.2d 1126 (1997), quoting *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 163, 656 N.E.2d 1288 (1995).

**{¶ 28}** Therefore, we affirm in part and reverse in part and remand the case so that the court of appeals may order briefing with regard to Williams's

mandamus claims, both on the question of the true nature of her complaint and on the merits of her claims. Once the issues are fully briefed, the court of appeals may then decide the case.

*Conclusion*

{¶ 29} The court of appeals was correct in dismissing most of the relief requested by Williams even without notice and a response from Williams. However, the court of appeals' dismissal of Williams's request for a writ of mandamus was in error. We therefore affirm in part, reverse in part, and remand the case to the court of appeals for full briefing and decision of the outstanding issues.

Judgment affirmed in part,

reversed in part,

and cause remanded.

O'CONNOR, C.J., and PFEIFER, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'DONNELL, J., dissents and would affirm the judgment of the court of appeals.

_____

Agatha Martin Williams, pro se.

Michael DeWine, Attorney General, and Mindy Worly, Principal Assistant Attorney General, for appellee.

_____