[Cite as *Villavicencio v. Columbus*, 2024-Ohio-2276.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Jose Villavicencio, | : | |
| Relator, | : | No. 23AP-765 |
| v. | : | (REGULAR CALENDAR) |
| | : | |
| City of Columbus, | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on June 13, 2024

**On brief:** *Jose Villavicencio*, pro se.

**On brief:** *Zach Klein*, City Attorney, *Matthew D. Sturtz*, *Richard N. Coglianese*, and *Aaron D. Epstein*, for respondent.

IN PROHIBITION

EDELSTEIN, J.

{¶ 1} Relator, Jose Villavicencio, brings this original action, pro se, in relation to five nuisance abatement proceedings before the Franklin County Municipal Court, Environmental Division ("environmental court") regarding properties operated by Mr. Villavicencio. Although Mr. Villavicencio named the City of Columbus ("City") as respondent in his complaint, he broadly contends the environmental court lacks subject-matter jurisdiction. Even presuming all factual allegations in the complaint are true, making all reasonable inferences in Mr. Villavicencio's favor, and assuming the appropriate respondent(s) had been named, dismissal under Civ.R. 12(B)(6) is appropriate because Mr. Villavicencio complains of error in the environmental court's exercise of jurisdiction, not a lack of subject-matter jurisdiction. For the following reasons, we adopt the magistrate's

decision and dismiss Mr. Villavicencio's complaint for writ of prohibition under Civ.R. 12(B)(6).

{¶ 2} Mr. Villavicencio commenced this original action on December 22, 2023, seeking a writ of prohibition, a preliminary injunction on non-abatement work, and an emergency stay of evictions. The City is prosecuting the five cases at issue, which are currently pending before the environmental court.

{¶ 3} On February 13, 2024, the City moved to dismiss Mr. Villavicencio's complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted.

{¶ 4} Pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate who issued the appended decision, including findings of fact and conclusions of law. The magistrate determined that Mr. Villavicencio's complaint failed to state a cause of action in prohibition and, accordingly, has recommended that we grant the City's motion and dismiss the complaint.

{¶ 5} Mr. Villavicencio has not filed objections to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision unless the court determines that there is an error of law or other defect evident on the face of the decision." Civ.R. 53(D)(4)(c).

{¶ 6} Our review of the magistrate's decision reveals no error of law or other defect. *See, e.g., State ex rel. Alleyne v. Indus. Comm.*, 10th Dist. No. 03AP-811, 2004-Ohio-4223, ¶ 32-33 (adopting the magistrate's decision where no objections were filed). We agree with the magistrate's conclusion that because the environmental court had subject-matter jurisdiction to issue the orders Mr. Villavicencio challenges in his complaint, he can prove no set of facts entitling him to the writ of prohibition he seeks. *See, e.g., State ex rel. Dunn v. Court of Common Pleas*, 10th Dist. No. 14AP-819, 2017-Ohio-7679, ¶ 4-5 (granting motion to dismiss claim for a writ of prohibition after concluding that the trial court had jurisdiction to rule on pending motions in a civil case). We likewise agree with the magistrate's determination that this court lacks jurisdiction to consider a request for a prohibitory injunction. *See, e.g., State ex rel. Williams v. Trim*, 145 Ohio St.3d 204, 2015-Ohio-3372, ¶ 12, citing *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 248 (1997).

{¶ 7}    Mr. Villavicencio thus failed to meet his burden in prohibition—namely, that the environmental court's exercise of its judicial power is unauthorized by law.  *See, e.g.*, *State ex rel. Fiser v. Kolesar*, 164 Ohio St.3d 1, 2020-Ohio-5483, ¶ 7, quoting *State ex rel. Balas-Bratton v. Husted*, 138 Ohio St.3d 527, 2014-Ohio-1406, ¶ 15.

{¶ 8}    For these reasons, we adopt the magistrate's decision as our own, grant the City's motion to dismiss, and dismiss this action in prohibition.

*Motion to dismiss granted*;
*complaint for writ of prohibition dismissed.*

LUPER SCHUSTER and LELAND, JJ., concur.

————————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Jose Villavicencio, | : | |
| Relator, | : | |
| v. | : | No. 23AP-765 |
| | : | |
| City of Columbus, | : | (REGULAR CALENDAR) |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on March 14, 2024

*Jose Villavicencio*, pro se.

*Zach Klein*, City Attorney, *Matthew D. Sturtz*, *Richard N. Coglianese*, and *Aaron D. Epstein*, for respondent.

IN PROHIBITION
ON MOTION TO DISMISS

{¶ 9} Relator Jose Villavicencio seeks a writ of prohibition related to several nuisance abatement actions before the Franklin County Municipal Court, Environmental Division ("environmental court"). Relator also seeks injunctive relief. In the caption of his complaint, relator named as respondent the City of Columbus ("the City"). The City has filed a motion to dismiss.

**I. Findings of Fact**

{¶ 10} 1. Relator is a defendant in several actions before the environmental court including Case Nos. 2016 EVH 60013, 2021 EVH 60053, 2022 EVH 60082, 2022 EVH 60517, and 2022 EVH 60624 ("environmental cases").

{¶ 11} 2. The City is the plaintiff in the environmental cases.

{¶ 12} 3. The Honorable Stephanie Mingo is a public official serving as judge of the environmental court.

{¶ 13} 4. On December 22, 2023, relator filed in this court a combined complaint for writ of prohibition and motion for a preliminary injunction on non-abatement work and emergency stay of evictions.

{¶ 14} 5. In the caption of relator's complaint, relator lists the City as the respondent. Although this information does not appear in the caption of the complaint, relator later states under the heading "Parties," the following:

> Relator:
> Jose Villavicencio
> * * *
> Respondent
> Franklin County Environmental Court
> Judge Stephanie Mingo

(Compl. at 2.)

{¶ 15} 6. In his complaint, relator lists the aforementioned environmental cases and alleges the environmental court issued certain rulings in those cases. (Compl. at 1.) Relator alleges the environmental court "filed an order for receivership and struck a motion for mistrial" filed by relator. (Compl. at 2.)

{¶ 16} Relator also states that "[w]hat is being litigated in the environmental court and the court of appeals is 1) lack of proper notification, 2) lack of an architectural plan; 3) failure to recognize tenants as 'other interested party who must be notified under ORC 3767.41. 4) failure of the judge to recognize that the structures are substantially compliant and not a danger to health, the tenants or the public." (Sic passim.) (Compl. at 7.) Relatedly, relator also alleges:

> What is litigated here in the Court of Appeals for the 10th District is the unlawful procedure through which this receiver was appointed. There was no prior notification. There was no involvement of the tenants as the "other interested party." * * * But most importantly, it appears that the houses are not the derelict and decaying that Judge Mingo declared them to be. As such, they should be outside the jurisdiction of the environmental court.

(Emphasis removed.) (Compl. at 8-9.)

{¶ 17} Relator asserts entitlement to prohibition because "Respondent patently and unambiguously lacks jurisdiction, in as majority of the properties are in substantial compliance and not derelict as Judge Mingo asserts in her ruling, and relator Jose should not have to establish the lack of adequate remedy at law." (Compl. at 3.) Relator also asserts that a writ of prohibition is appropriate in this case "because no other adequate means exist to obtain the desired relief, the petitioner will be prejudiced without being able to correct the prejudice on appeal." (Compl. at 10.) Furthermore, relator states: "The Environmental Court's order conduct manifests blatant disregard for precedent and procedure, and the court's order creates new and serious problems under existing law. There is no immediate remedy at law." (Compl. at 10.)

{¶ 18} Relator requests other forms of relief. Among these requests, relator requests that this court "grant the injunctive relief Plaintiffs request, approve security in the amount of $2500, provide the Plaintiffs with an opportunity to conduct expedited discovery and order such further relief as this Court deems appropriate." (Compl. at 9.)[1] Relator also asks the court to "stay the eviction of tenants as well as cessation of non-abatement work prior to a lower court approval of a specific construction plan." (Compl. at 10.)

{¶ 19} 7. On February 13, 2024, the City filed a motion to dismiss or, in the alternative, to strike relator's complaint. Relator has not filed a response to the City's motion.

## II. Discussion and Conclusions of Law

{¶ 20} The City has moved to dismiss relator's complaint in prohibition for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(1) and (6). In the alternative, the City moves to strike relator's complaint.

## A. Review of a Motion to Dismiss Pursuant to Civ.R. 12(B)(1) and (6)

{¶ 21} A court is required to grant a motion to dismiss pursuant to Civ.R. 12(B)(1) where the court lacks jurisdiction over the subject matter of the litigation. *T & M Machines, LLC v. Yost*, 10th Dist. No. 19AP-124, 2020-Ohio-551, ¶ 9. " 'Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits.' " *State ex rel. Ohio Democratic Party v. Blackwell*, 111 Ohio St.3d 246, 2006-Ohio-5202, ¶ 8, quoting

---

[1] Relator also restates his request for injunctive relief in somewhat different terms in his prayer for relief. *See* Compl. at 11.

*Morrison v. Steiner*, 32 Ohio St.2d 86, 87 (1972), paragraph one of the syllabus. Subject-matter jurisdiction is a " 'condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void.' " *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11, quoting *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998). In ruling on a motion to dismiss pursuant to Civ.R. 12(B)(1), a court may consider evidence outside of the complaint. *Cerrone v. Univ. of Toledo*, 10th Dist. No. 11AP-573, 2012-Ohio-953, ¶ 5, citing *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211 (1976), paragraph one of the syllabus.

{¶ 22} A motion to dismiss for failure to state a claim pursuant to Civ.R. 12(B)(6) is procedural and tests the sufficiency of the petition or complaint itself and any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992), citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Attachments to the complaint are considered part of the complaint for all purposes. Civ.R. 10(C). Generally, in ruling on a Civ.R. 12(B)(6) motion, a court " 'cannot resort to evidence outside the complaint to support dismissal [except] where certain written instruments are attached to the complaint.' " *Brisk v. Draf Indus.*, 10th Dist. No. 11AP-233, 2012-Ohio-1311, ¶ 10, quoting *Park v. Acierno*, 160 Ohio App.3d 117, 2005-Ohio-1332, ¶ 29 (7th Dist.).

{¶ 23} A court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. *Red Foot Racing Stables v. Polhamus*, 10th Dist. No. 19AP-390, 2020-Ohio-592, ¶ 11, citing *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5. "Before the court may dismiss the complaint, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling the plaintiff to recovery." *Jones v. Dann*, 10th Dist. No. 09AP-352, 2009-Ohio-5976, ¶ 9, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. Provided there is a set of facts, consistent with the complaint, under which the complaining party could recover, a court may not grant a motion to dismiss for failure to state a claim. *Prime Invests., LLC v. Altimate Care, LLC*, 10th Dist. No. 20AP-526, 2022-Ohio-1181, ¶ 23, citing *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). However, a court need not accept as true any unsupported and conclusory legal propositions presented in the complaint. *Bullard v. McDonald's*, 10th Dist. No. 20AP-374,

2021-Ohio-1505, ¶ 11, citing *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.).

## B. Prohibition

{¶ 24}  This court possesses original jurisdiction to issue a writ of prohibition. Ohio Constitution, Article IV, Section 3(B)(1)(d). *See State ex rel. Davic v. Franklin Cty. Court of Common Pleas*, 10th Dist. No. 22AP-301, 2023-Ohio-1195, ¶ 8. A writ of prohibition is an extraordinary remedy issuing out of a court of superior jurisdiction that commands an inferior tribunal to cease abusing or usurping judicial functions. *State ex rel. Roush v. Montgomery*, 10th Dist. No. 17AP-791, 2018-Ohio-2098, ¶ 22, citing *Suster*, 84 Ohio St.3d at 73.

{¶ 25}  To be entitled to the requested writ of prohibition, the relator must establish that (1) the respondent is about to exercise or has exercised judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law. *State ex rel. Duke Energy Ohio, Inc. v. Hamilton Cty. Court of Common Pleas*, 126 Ohio St.3d 41, 2010-Ohio-2450, ¶ 16, citing *State ex rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 2009-Ohio-4986, ¶ 25; *State ex rel. Abernathy v. Lucas Cty. Bd. of Elections*, 156 Ohio St.3d 238, 2019-Ohio-201, ¶ 5, citing *State ex rel. McCord v. Delaware Cty. Bd. of Elections*, 106 Ohio St.3d 346, 2005-Ohio-4758, ¶ 27. A writ of prohibition, as an extraordinary remedy, is "customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies." *State ex rel. Henry v. Britt*, 67 Ohio St.2d 71, 73 (1981).

## C. Application

{¶ 26}  Initially, the magistrate finds that relator's complaint, beyond containing a somewhat confusing series of allegations and demands for relief, fails to conform to the Ohio Rules of Civil Procedure. The Local Rules of the Tenth District Court of Appeals make plain that original actions are governed by the Ohio Rules of Civil Procedure, as supplemented by the local rules. Loc.R. 2(B).

{¶ 27} The City points out in its motion to dismiss that relator's complaint is not signed. Civ.R. 11 provides in pertinent part:

> *A party who is not represented by an attorney shall sign*, by electronic signature or by hand, *the pleading*, motion, or other

> document and state the party's address, a telephone number, facsimile number, if any, and personal e-mail address, if any, for service by electronic means under Civ.R. 5(B)(2)(f). * * * The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served.

(Emphasis added.) Civ.R. 11.

{¶ 28} Relator's complaint contains a line for relator's signature above his printed name, but no signature was added. The line above relator's name also did not contain a designation indicating it had been electronically signed. *See* Loc.R. 1(F) ("Documents efiled with the clerk that require an attorney's or a filing party's signature may be signed: (1) in longhand and a scan of the signed document efiled; (2) with a digital or e-signature as available in document management programs; or (3) with a conformed signature of '/s/ (name).' "); *McLemore v. Clinton Cty. Sheriff's Office*, 12th Dist. No. CA2022-07-019, 2023-Ohio-1604, ¶ 5 (noting that certificate of service attached to an unsigned complaint contained names that "were typed, not signed, and were not preceded by the standard "/s/" designation for electronic signatures"). Although relator did not sign his complaint, he did sign an affidavit of verity that was submitted together with his complaint. In the affidavit, relator stated that "the allegations contained in the foregoing complaint are true and accurate as they verily believe." (Compl. at 13.)

{¶ 29} While the failure to comply with the signature requirement of Civ.R. 11 is grounds to strike the complaint, a court is not required to strike the complaint for such failure. Rather, such decision is within the discretion of the court. *See State ex rel. Fant v. Sykes*, 29 Ohio St.3d 65, 65 (1987); *State v. Rosemond*, 1st Dist. No. C-180221, 2021-Ohio-768, ¶ 12; *Thacker v. Clark Cty. Commrs.*, 2d Dist. No. 08-CA-30, 2009-Ohio-1967, ¶ 22. Because relator's complaint was not signed, relator technically failed to comply with Civ.R. 11. However, as relator attested to the truth of the contents of the complaint in the signed affidavit of verity attached to the complaint, the magistrate declines to strike or dismiss relator's complaint on the basis of relator's failure to comply with the signature requirement of Civ.R. 11. *See Rosemond* at ¶ 14 (declining to exercise discretion to strike an application

for reopening because the application "while technically deficient, effectively satisfies the express purposes of Civ.R. 11's signature requirement" because it was accompanied by a "signed and sworn affidavit 'declar[ing] that the information contained in the [application] to reopen is true and correct to the best of [his] knowledge and belief' " (Brackets sic.)).[2]

{¶ 30} Next, the City argues relator can prove no set of facts entitling him to relief in prohibition because he "filed this complaint against the City of Columbus; yet, he has pleaded *no facts* establishing the City has exercised or is about to exercise judicial—or even quasi judicial—power." (Emphasis sic.) (City's Mot. at 4-5.) The City contends that contrary to exercising judicial or quasi-judicial power, it is actually a party to the underlying environmental cases mentioned by relator in his complaint. Furthermore, the City states that it has "taken 'official action' through its several cases in the Environmental Court, but not in a judicial capacity; rather, it has done so in an *executive* capacity to enforce R.C. Chapter 3767." (Emphasis sic.) (City's Mot. at 5.)

{¶ 31} "Quasi-judicial authority is the power to hear and determine controversies between the public and individuals that require a hearing resembling a judicial trial." *State ex rel. Wright v. Registrar, Ohio Bureau of Motor Vehicles*, 87 Ohio St.3d 184, 186 (1999). "When a public entity takes official action but does not conduct proceedings akin to a judicial trial, prohibition will not issue." *State ex rel. Save Your Courthouse Commt. v. City of Medina*, 157 Ohio St.3d 423, 2019-Ohio-3737, ¶ 27. Review of relator's complaint confirms that relator mentions the City's conduct as a party to the litigation in the environmental court. However, relator does not allege that the City itself has exercised judicial or quasi-judicial power. Relator's allegations "do not state a claim for a writ of prohibition because" relator "cannot satisfy the first and fundamental element of a prohibition claim: the exercise of judicial or quasi-judicial power." *Id.* at ¶ 26. Thus, presuming all factual allegations contained in the complaint to be true and making all reasonable inferences in favor of the nonmoving party, relator cannot establish entitlement to extraordinary relief in prohibition.

---

[2] Notwithstanding his failure to comply with Civ.R. 11, relator's complaint additionally does not comply with the requirement in Civ.R. 10(B) that "[a]ll averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances." *See Discover Bank v. Schiefer*, 10th Dist. No. 09AP-1178, 2010-Ohio-2980, ¶ 12. The City has not suggested the complaint could be stricken on this basis, nor does the magistrate find it is appropriate to do so.

{¶ 32} From review of the complaint, relator's allegations regarding the exercise of unauthorized judicial power appear to be directed at the environmental court and Judge Mingo, rather than the City. Following some initial allegations, relator lists the environmental court and Judge Mingo as "Respondent" in a section of the complaint titled "Parties." (Compl. at 2.) However, relator did not name either the environmental court or Judge Mingo as parties in the title of the complaint.

Civ.R. 10(A), which is titled "Caption; names of parties," provides as follows:

Every pleading shall contain a caption setting forth the name of the court, the title of the action, the case number, and a designation as in Rule 7(A). *In the complaint the title of the action shall include the names and addresses of all the parties*, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties.

(Emphasis added.) Civ.R. 10(A). Thus, Civ.R. 10(A) requires the complainant to include "the names and addresses of all parties except for a defendant whose name is initially unknown." *Heine v. Crall*, 10th Dist. No. 93AP-65, 1993 Ohio App. LEXIS 2616 (May 18, 1993). "This requirement is mandatory." *Id.*, citing *Group of Tenants from Grandview Homes v. Mar--Len Realty, Inc.*, 40 Ohio App.2d 449 (3d Dist.1974). Courts have held that the failure to caption the complaint in compliance with Civ.R. 10(A) "constitutes grounds for dismissal." *State v. Elder*, 11th Dist. No. 2013-L-114, 2014-Ohio-871, ¶ 5. *See State ex rel. Elam v. Erie Cty. Common Pleas Court*, 6th Dist. No. E-08-001, 2008-Ohio-1560, ¶ 1, 4 (stating that the relator's petition for a writ of mandamus was "facially flawed" because, in part, "the caption on the document filed by relator does not comply with Civ.R. 10").

{¶ 33} Review of the docket reveals that a summons for service upon either the environmental court or Judge Mingo was never sought or issued. *See* Civ.R. 4(A) ("Upon the filing of the complaint the clerk shall forthwith issue a summons for service *upon each defendant listed in the caption*. Upon request of the plaintiff separate or additional summons shall issue at any time against any defendant." (Emphasis added.)) Although the City points out in its motion that the environmental court, rather than the City, "has exercised (e.g., by appointing the receiver) and will exercise judicial power in the underlying nuisances cases here," relator never amended his complaint to name either the environmental court or Judge Mingo in compliance with Civ.R. 10(A). (City's Mot. at 6.)

*See* Civ.R. 15(A) ("A party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier."). As relator did not name the environmental court or Judge Mingo as parties in the title of this action in compliance with Civ.R. 10(A), the magistrate declines to construe relator's complaint as including the environmental court or Judge Mingo as parties. Insofar as relator seeks a writ of prohibition in this action against either the environmental court or Judge Mingo, such claim must be dismissed for lack of compliance with Civ.R. 10(A).

{¶ 34} Moreover, even if relator had properly named the environmental court or Judge Mingo as parties, dismissal of relator's request for a writ of prohibition would still be proper. *See State ex rel. Striker v. Cline*, 5th Dist. No. 09CA107, 2010-Ohio-3592, ¶ 25 (finding the relator was not entitled to the issuance of a writ of mandamus even though the relator failed to comply with Civ.R. 10 by naming the individual against whom the writ was sought as a party in the complaint); *Elder* at ¶ 7. R.C. 1901.181, which specifies the jurisdiction of the housing or environmental division of a municipal court, provides as follows:

> Except as otherwise provided in this division and division (A)(2) of this section and subject to division (B) of this section, if a municipal court has a housing or environmental division, the division has exclusive jurisdiction within the territory of the court in any civil action to enforce any local building, housing, air pollution, sanitation, health, fire, zoning, or safety code, ordinance, or regulation applicable to premises used or intended for use as a place of human habitation, buildings, structures, or any other real property subject to any such code, ordinance, or regulation, and, except in the environmental division of the Franklin county municipal court, in any civil action commenced pursuant to Chapter 1923. or 5321. or sections 5303.03 to 5303.07 of the Revised Code. Except as otherwise provided in division (A)(2) of this section and subject to section 1901.20 of the Revised Code and to division (B) of this section, the housing or environmental division of a municipal court has exclusive jurisdiction within the territory of the court in any criminal action for a violation of any local building, housing, air pollution, sanitation, health, fire, zoning, or safety code, ordinance, or regulation applicable to premises used or intended for use as a place of human habitation, buildings, structures, or any other real property subject to any such code, ordinance, or regulation.

> Except as otherwise provided in division (A)(2) of this section and subject to division (B) of this section, *the housing or environmental division of a municipal court also has exclusive jurisdiction within the territory of the court in any civil action as described in division (B)(1) of section 3767.41 of the Revised Code that relates to a public nuisance.*

(Emphasis added.) R.C. 1901.181(A)(1). "This court has previously observed that, in accordance with R.C. 1901.181, 'the environmental division has "exclusive jurisdiction within the territory of the court" over civil and criminal actions brought as a result of environmental violations.' " *City of Columbus v. ACM Vision, V, LLC*, 10th Dist. No. 20AP-79, 2021-Ohio-925, ¶ 27, quoting *State ex rel. Timson v. Latshutka*, 10th Dist. No. 96APD11-1568, 1997 Ohio App. LEXIS 537 (Feb. 11, 1997). R.C. 3767.41, which concerns buildings constituting a public nuisance, provides in pertinent part as follows:

> In any civil action to enforce any local building, housing, air pollution, sanitation, health, fire, zoning, or safety code, ordinance, resolution, or regulation applicable to buildings, that is commenced in a * * * housing or environmental division of a municipal court, * * * or in any civil action for abatement commenced in a * * * housing or environmental division of a municipal court * * * by a municipal corporation or township in which the building involved is located * * *, the municipal corporation * * * may apply in its complaint for an injunction or other order as described in division (C)(1) of this section, or for the relief described in division (C)(2) of this section, including, if necessary, the appointment of a receiver as described in divisions (C)(2) and (3) of this section, or for both such an injunction or other order and such relief.

R.C. 3767.41(B)(1)(a).

{¶ 35} Relator states that he operated properties that are the subject of nuisance abatement proceedings in the environmental cases which are or were pending before the environmental court. Relator argues that the environmental court does not possess jurisdiction because the "majority of the properties are in substantial compliance and not derelict as Judge Mingo asserts in her ruling." (Compl. at 3.) Relator also cites R.C. 3767.41 in arguing that there were procedural deficiencies in the environmental court's order appointing a receiver.

{¶ 36} Leaving aside unsupported and conclusory assertions that the environmental court lacks jurisdiction, relator's other allegations merely present "challenges to [the] exercise of jurisdiction, not to the existence of subject-matter jurisdiction." *State ex rel.*

*Thomas v. McGinty*, 164 Ohio St.3d 167, 2020-Ohio-5452, ¶ 26. However, "a writ of prohibition 'tests and determines "solely and only" the subject matter jurisdiction' of the lower court." *Suster* at 84 Ohio St.3d 73, quoting *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 409 (1988), quoting *State ex rel. Staton v. Franklin Cty. Common Pleas Court*, 5 Ohio St.2d 17, 21 (1965). Presuming all factual allegations contained in the complaint to be true and making all reasonable inferences in favor of the nonmoving party, relator cannot establish entitlement to a writ of prohibition with regard to the environmental court or Judge Mingo because the environmental court possesses subject-matter jurisdiction over civil and criminal actions—including actions under R.C. 3767.41—brought as a result of environmental violations. Thus, even if this court were to consider the environmental court or Judge Mingo as parties to this action, relator's request for a writ of prohibition would still be subject to dismissal. *See State ex rel. Kerr v. Pollex*, 159 Ohio St.3d 317, 2020-Ohio-411, ¶ 5.

{¶ 37} Finally, relator's complaint also seeks relief in the form of a preliminary injunction. Relator asks this court to "stay the eviction of tenants as well as cessation of non-abatement work." (Compl. at 10.) "A prohibitory injunction preserves the status quo by enjoining a defendant from performing the challenged acts in the future." *State ex rel. GMC v. Indus. Comm.*, 117 Ohio St.3d 480, 2008-Ohio-1593, ¶ 12. Ohio courts of appeals lack original jurisdiction to grant prohibitory injunctions. *State ex rel. Williams v. Trim*, 145 Ohio St.3d 204, 2015-Ohio-3372, ¶ 12, citing *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 248 (1997). Because this court lacks jurisdiction to consider a request for a prohibitory injunction, relator's request for such relief must be dismissed. *State ex rel. Esarco v. Youngstown City Council*, 116 Ohio St.3d 131, 2007-Ohio-5699, ¶ 12.

**D. Conclusion**

{¶ 38} Accordingly, it is the decision and recommendation of the magistrate that the City's motion to dismiss should be granted and relator's complaint for writ of prohibition dismissed.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.